Syllabus.

RE TAXES H. M. von HOLT.

No. 1551.

RE TAXES GEORGE R. CARTER.

No. 1552.

SUBMISSIONS WITHOUT ACTION.

SUBMITTED JANUARY 29, 1925.                    DECIDED APRIL 1, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

INCOME TAX—*dividends as income.*

Dividends received by a resident of Hawaii from a domestic corporation, the net profits of which are assessable under the provisions of the territorial law pertaining to income tax, are deductible against the gross income of the taxpayer and may not be included in assessing his income.

OPINION OF THE COURT BY PETERS, C. J.

The San Carlos Milling Company is an Hawaiian corporation having its principal office in Honolulu. The greater portion of its gains, profits and income is derived from property owned and business carried on by it in the Philippine Islands, but a portion of its gains, profits and income, mainly interest on bank deposits, is derived from property owned and business carried on by it in the Territory. It made and rendered to the assessor of the first taxation division within the time and in the manner required by the territorial income tax law a return of its income for the year 1923, the tax, if any, upon which would be payable in the year 1924, showing an income for the year 1923 of $8,391.08 derived from property owned and business carried on in the Territory which but for the deductions therefrom allowable by law for income tax purposes would be taxable under the income

tax law of the Territory, and showing allowable deductions of $17,569.48, consisting of necessary expenses actually incurred in carrying on business and managing property in the Territory and the payment of taxes in the Territory. Thereafter and within the time required by law the assessor upon examining the return of the corporation for the purpose of assessing the territorial income tax, if any, payable by the corporation in 1924 upon or in respect to its income for 1923 found that no tax was payable for the reason that the deductions allowed by law exceeded the gross income which but for such deduction would have been taxable. The corporation failed, however, to make a return in 1923 of its income for 1922. A return if made would have shown an income of $5,498.35 derived from property owned and business carried on in the Territory and allowable deductions of $16,901.93 for necessary expenses actually incurred in carrying on the business and managing the property in the Territory. George R. Carter in 1922, and H. M. von Holt in 1923, as stockholders of the San Carlos Milling Company, Limited, received dividends distributed by the corporation to its stockholders during those years. Each returned the dividends respectively received by him in the appropriate year as a part of his gross income but claimed the same as a deduction against the gross income returned upon the ground that a tax had been assessed upon the net profits of the San Carlos Milling Company, Limited, as provided by R. L. 1925, c. 103, pertaining to territorial income tax, and that under the provisions of section 1391 of said chapter, said tax having been assessed upon the net profits of the corporation, in assessing their respective incomes there should be excluded therefrom the amount received from said corporation as dividends. In the case of the von Holt return the assessor forthwith disallowed the

deduction. In the Carter case no action was taken by the assessor until the following year when the assessor reassessed the taxes payable by Carter in 1923 upon income received in 1922 and included in the income of the taxpayer for that year the dividends received by him from the corporation. While the liability of the taxpayers is several and each has come to this court upon a separate agreed statement of facts, due to our conclusion that dividends received by a resident of Hawaii from a domestic corporation, the net profits of which are assessable under the provisions of the territorial law pertaining to income tax, are deductible against the gross income of such taxpayer and may not be included in assessing his income, both cases are disposed of by the same opinion.

The assessor contends that until a legal assessment is made of the taxable income of the corporation by which the dividends are paid the corporation has not been "assessed" as that term is employed in the proviso of section 1391, for the reason that the condition upon which the deduction is allowed the stockholder has not occurred; that irrespective of whether a legal assessment has been made of the taxable income of the corporation, where, as here, the income from which dividends were paid is nontaxable, the corporation paying such dividends has not been "assessed upon the net profits," as that term is used in the proviso referred to; and that where a deduction of dividends received is improperly claimed by a stockholder in his return but not discovered by the assessor until the year succeeding that in which the deduction was claimed and the assessment in accordance therewith was made, he may then reassess so as to include the income so improperly deducted. On the other hand the taxpayer claims that the term "has been assessed" means "assessable;" that where it appears

that the corporation by which the dividends were paid is subject to assessment upon income accrued from property owned or business carried on in Hawaii whether the corporation has been actually assessed by the assessor or not and whether the assessment results in a liability to a tax or not the corporation has been assessed upon its net profits and the condition allowing the deduction of dividends by the stockholder has occurred and even if the contention of the assessor be correct and his interpretation of the proviso prevail the assessor is not authorized, as he did in the Carter case, to reassess the income of the indivdiual taxpayer in the year succeeding the year in which the taxpayer in his return claimed the deduction and in which the assessment against him was made.

R. L. 1925, ss. 1388 and 1389, define the liability of individuals and corporations to territorial income tax. Section 1388, which refers specifically to the income of individuals, provides: "There shall be levied, assessed, collected and paid annually upon the gains, profits and income received by every individual residing in the Territory, from all property owned, and every business, trade, profession, employment or vocation carried on in the Territory, and by every person residing without the Territory, from all property owned, and every business, trade, profession, employment or vocation carried on in the Territory, and by every servant or officer of the Territory or any political subdivision thereof, wherever residing, a tax in accordance with the following schedule on the amount so received during the taxation period as herein defined: * * *." In the absence of provisions of law to the contrary dividends received by an individual residing in the Territory would be subject to a tax under this section. Section 1389, which refers specifically to income of corporations, provides: "There

shall be levied, assessed, collected and paid annually, except as hereinafter provided, a tax * * * on the net profit or income above actual operating and business expenses derived during such taxation period, from all property owned, and every business, trade, employment or vocation, carried on in the Territory, of all corporations doing business for profit in the Territory, no matter where created and organized * * *." Under this section income derived from property owned and business carried on in the Territory of Hawaii is taxable. It is conceded by all parties that the gains, profits and income derived by the San Carlos Milling Company from property owned and business carried on by it in the Philippines is not taxable.

Section 1390 provides the method of estimating the gains, profits and income of a person or corporation. It provides among other things that in so estimating there shall be included dividends upon the stock of any corporation. Section 1391 provides the method of computing income in respect to expenses. After stating what expenses may be deducted in computing income it concludes with the following proviso: "Provided, further, that in assessing the income of any person or corporation there shall not be included the amount received from any corporation as dividends upon the stock of such corporation if the tax of two per centum has been assessed upon the net profits of such corporation as required by this chapter, nor any bequest or inheritance otherwise taxed as such."

Every corporation doing business for profit in the Territory, no matter where created or organized, is subject to the income tax law and must make a return annually upon forms prescribed by the treasurer of the Territory disclosing in detail among other things its gross receipts or income and expenses. The whole or part of the gross

receipts or income may not be taxable income. On the other hand the assessor is required annually to determine the taxable income of every corporation whose principal place of business is within his taxation division. This he may do upon information contained in the return or, in the event of the corporation failing or neglecting to make a return, upon information independently obtained. This determination of the assessor, however legally obtained, is what is known as an assessment. Where the taxable gross income exceeds the expenses the assessment may result in a net profit to which the fixed income tax rate provided by law applies. On the other hand it may not result in a net profit or the consequent imposition of a tax. The annual expenses of the corporation assessed may have exceeded its taxable income for the same period, in which event there would be no net profits or income to which the tax rate could apply. The action of the assessor in determining this result would nevertheless constitute an assessment. Again, while a corporation may have been in receipt of income in excess of its expenses, such income might have been in whole or in part nontaxable, such as interest on bonds of the Federal Government, rendering the deductions in excess of the taxable gross income, in which event there would be no net profits or income to which the tax rate would apply. The action of the assessor in so determining would however be none the less an assessment. So also where the excess of income over deductions is only made possible by income derived from property owned or business carried on by the domestic corporation in a foreign jurisdiction. Though the assessment results in no taxable income the corporation has none the less been assessed.

To the extent that our observations allow us to speak it may not be inappropriate to observe that it has been

the uniform practice in the past for assessors to allow dividends as a deduction in all cases where the sole source of revenue of the corporation was from property owned or business carried on in Hawaii whether the same resulted in a gain or a loss during the year in which dividends were paid. This action evidently proceeded upon the theory that the directors or managers of the corporation had observed the limitations placed upon their power to declare dividends only from profits arising from the business of the corporation under the provisions of R. L. 1925, s. 3361, and that such profits had borne the burden of income taxes in the year when accrued. The practice undoubtedly is consonant with reason and the plain intent of the statute. No doubt the legislature in the passage of the present Act had in mind corporations whose sole source of revenue was from property owned or business carried on within the Territory. Be that as it may. It certainly could not be said that where the taxable income of a corporation whose sole source of income was from property owned or business carried on within the Territory was less than its expenses and deductions such income had not been assessed simply for the reason that there were no net profits to which the tax could apply. If this is true then no less so has a corporation been assessed whose taxable income is less than its expenses and deductions due to the fact that part of its gross income is nontaxable, for the reason that it accrued from property owned and business carried on in a foreign jurisdiction. The statute is concerned alone with the question of whether the net profits of the corporation that paid the dividends have been assessed. If so, although dividends may have been paid from the nontaxable income, the provisions of the statute have been satisfied.

For the purposes of determining the liability of the

taxpayer von Holt it is admitted that the corporation made a return of its income accrued from property owned and business carried on within the Territory during the year in which the dividends were paid by it to the taxpayer; that said return was acted upon by the assessor and it was found by him that no tax was payable by the corporation for the reason that the deductions allowed by law exceeded the taxable income. This constituted an assessment. The tax had been assessed upon the net profits of the corporation as required by R. L. 1925, c. 103, within the meaning of the proviso of section 1391 of that chapter, and the dividends could not be included in assessing the income of the stockholder who had received them.

In the case of the taxpayer Carter no return had been made by the corporation of its income during the year that it had paid dividends to him. It is admitted, however, that its expenses and deductions during that period in respect to property owned and business carried on in the Territory exceeded its taxable income. Were the assessor to now assess the corporation upon this admitted information there would be no net profits to which the income tax rate could apply. The result would be the same as in the von Holt case. In the absence of a return by the corporation it was the duty of the assessor to make an assessment in 1923 of the net income of the corporation for the year 1922. The stockholder had a right to rely upon the assumption that the corporation would make a return and that the assessor, acting upon such return, or, upon the failure or neglect of the corporation to make one, acting upon independent information, would make an assessment. Failure or neglect of the corporation on the one hand to make a return, or failure by the assessor upon the other to make an assessment, could not deprive the tax-

payer of the right to deduct from his income dividends received by him. The legislature by the enactment of the proviso in question clearly contemplated that where, as here, the income of the corporation. was assessable dividends received by the stockholder during the same period should not be included in his income whether the actual assessment of the net profits of the corporation had been previously made by the assessor or not.

The deductions of dividends claimed by both taxpayers should have been allowed by the assessor. Our conclusion renders unnecessary any expression of opinion upon the question whether the assessor can change or add to the assessment in the year succeeding that in which the return was filed and the assessment made.

A separate judgment in each case conformable to the foregoing opinion will be signed upon presentation.

*Frear, Prosser, Anderson & Marx* for the taxpayers.

*H. R. Hewitt,* First Deputy Attorney General, for the tax assessor.